IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RONNIE DOOLEY, individually and
on behalf of all others similarly situated,

        Plaintiff,                              03:12-cv-01207-PK

      v.

RONALD SAXTON, RODERICK C.                      ORDER
WENDT, R. NEIL STUART, and
JELD-WEN EMPLOYEE STOCK
OWNERSHIP & RETIREMENT PLAN,

        Defendants.

HERNANDEZ, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [#55] on December 12, 2012, in which he recommends that the Court (1) deny defendants' motion to stay pending plaintiff's exhaustion of administrative remedies, and (2) grant plaintiff's motion to compel discovery.

Defendants timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered defendants' objections and conclude that the objections do not provide a basis to modify the Findings and Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

Plaintiff claims that defendants violated ERISA section 204(g) in two ways. First, plaintiff claims that defendants reduced plaintiff's vested account by changing the valuation method from one based on cash with a fixed interest rate to one that depends upon stock values with no guaranteed interest. Second, plaintiff claims that the November amendments eliminated approximately 10 months of earned interest.

"Exhaustion of internal dispute procedures is not required where the issue is whether a violation of the terms or provisions of the statute [ERISA] has occurred." <u>Fujikawa v. Gushiken</u>, 823 F.2d 1341, 1345 (9th Cir. 1987). Under ERISA 204(g), the "anti-cutback" rule, a participant's accrued benefit may not be decreased by plan amendment. Plaintiff's claim alleges a direct violation of a provision of ERISA, and therefore, administrative exhaustion is not required.

Plaintiff also brings three counts alleging that defendants breached their fiduciary duties. Breach of fiduciary duty claims under ERISA are not required to undergo administrative

exhaustion before proceeding in court. Horan v. Kaiser Steel Ret. Plan, 947 F.2d 1412, 1416 n.1 (9th Cir. 1991), overruled on other grounds by Salomaa v. Honda Long Term Disability Plan, 642 F. 3d 666 (9th Cir. 2011). Here, the outcome of the fiduciary duty claims depends on the findings from the anti-cutback claim.

I adopt Judge Papak's conclusions regarding the motion to stay and the motion to compel.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings and Recommendation [#55] and, therefore, plaintiff's motion to compel [#39] is granted and defendants' motion to stay [#43] is denied.

IT IS SO ORDERED.

DATED this 8 day of March, 2013.

MARCO A. HERNANDEZ
United States District Judge