UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| RONNIE DOOLEY, THOMAS KITT, ROBERT W. JIMERSON, PHILIP BELLOTTI, BRADLEY S. SNODGRASS, STEVEN J. WOLF, CHRISTOPHER W. WOERNER and MILDRED POWELL on behalf of themselves individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD SAXTON, R. NEIL STUART, RODERICK C. WENDT, the ADMINISTRATIVE COMMITTEE OF THE JELD-WEN, INC. EMPLOYEE OWNERSHIP AND RETIREMENT PLAN, and the JELD-WEN, INC. EMPLOYEE STOCK OWNERSHIP AND RETIREMENT PLAN,<br><br>Defendants. | Case No. 1:12-CV-1207-MC<br>(Consolidated with Case No.: 1:13-CV-00177-MC and Case No.: 3:13-CV-00395-MC) |

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

The Parties in this case have agreed to settle this class action lawsuit (the "Action") on the terms and conditions set forth in the Class Action Settlement Agreement dated as of January 30, 2015 (the "Settlement Agreement"), and the Exhibits annexed thereto, previously filed with the Court. On May 26, 2015, the court preliminarily approved the settlement, including the Plan of Allocation, and directed the approved Class Notice be distributed to Class Members. On October 19, 2015, the court held a Final Approval Hearing on this Settlement at which all Parties appeared by counsel. Before the Court is Plaintiffs' Motion for Final Approval of the Settlement and Co-Lead Class Counsel's Motion for Fees

Award, Expenses Award, and Service Awards. The Court, having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing, will GRANT the pending motions. It is therefore ORDERED, ADJUDGED AND DECREED THAT:

1. The Court adopts and incorporates herein the Settlement Agreement, including the definitions set forth.

2. This Court has jurisdiction over the subject matter of this litigation, and over all parties to this Action, including all members of both the Terminated Employee Class and the New Expense Class.

3. The Court hereby approves the Settlement set forth in the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e) and finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Classes in accordance with Fed. R. Civ. P. 23, and directs implementation of all its terms and provisions.

4. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate based on, *inter alia*, its familiarity with the Action and negotiations and the claims and defenses thereto, and upon the following findings of fact, conclusions of law, and determinations of mixed fact/law questions which also are applicable to Co-Lead Class Counsel's Motion for Fees Award, Expenses Award, and Service Awards:

    A. The Action was at all times litigated in a competent, vigorous, and contested manner. The Plaintiff and Co-Lead Class Counsel provided vigorous and skillful representation to the Settlement Classes, and were experienced and knowledgeable. Defendants likewise were represented by skilled and knowledgeable counsel.

B. The Settlement Agreement was negotiated vigorously and at arms-length by the Plaintiffs and Co-Lead Class Counsel on behalf of the Settlement Classes seeking relief under ERISA.

C. This Action settled only after extensive factual and legal research and investigation, exchange of voluminous documents, depositions and interviews of key JELD-WEN ESOP personnel, an increase of the monetary compensation based on information from confirmatory discovery, and multiple arms-length negotiations before former Magistrate Judge Morton Denlow. Both Plaintiffs and Defendants were well positioned to evaluate the settlement value of the Action, as well as the risks of continued litigation.

D. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation in this Court and on appeal. The Plaintiffs and the Settlement Classes faced at all times a risk that they would not prevail in the Action and that one or more of the defenses asserted by Defendants could be sustained. Plaintiffs contend that this case was meritorious in view of, *inter alia*, (i) determinations of legal issues in similar cases, and (ii) what Plaintiffs characterize as favorable expert and lay testimony and documents that Plaintiffs expected to offer at trial. Defendants contend that their chances of success at trial were excellent in view of, *inter alia*, (i) what Defendants characterize as Plaintiffs' high burden of proof at trial on issues such as prudence and loss causation, (ii) the expert and lay testimony that Defendants expected to offer at trial, and (iii) alleged favorable determinations of legal issues in similar cases. The Court

        takes no position on the merits of either Plaintiffs' or Defendants' case, but notes these arguments as evidence which the Court has considered, in support of the fairness, reasonableness, and adequacy of the Settlement.

    E.    The amount of the Settlement is fair, reasonable, and adequate. An Independent Fiduciary reviewed the Settlement and concluded, pursuant to PTCE 2003-39, that it is reasonable and provides a substantial recovery to participants and beneficiaries taking into account a variety of factors. The Court finds that the Settlement is appropriate in light of Plaintiffs' claimed maximum damages, and, considered with expected settlement recoveries. The settlement amount is within the range of settlement values obtained in similar cases and is within the range of reasonable settlements that would have been appropriate in this Action. The Court observed nothing to indicate a better settlement could or would have been obtained through continued litigation.

    F.    At no time did the Plaintiffs or their counsel derive or receive any assistance in prosecuting the case from any governmental or similar outside source.

    G.    At all times, Plaintiffs and Co-Lead Class Counsel have acted independently.

5.    The Court hereby dismisses the Action with prejudice and without costs.

6.    The Court previously determined, and now confirms, that the Class Notice mailed and published to the members of the Settlement Classes constituted the best notice practicable under the circumstances, as well as provide adequate notice to Class Members.

The Class Notice was reasonably calculated to apprise Class Members of the pendency of this Action, the nature of the claims, class definitions, and the proposed settlement, as well as inform members of their opportunity to object to the plan of allocation, Co-Lead Class Counsel's petition for fees and expenses and Plaintiffs' service awards. The Class Notice constituted valid, due, and sufficient notice to all the members of the Settlement Classes, complying fully with Fed. R. Civ. P. 23, the United States Constitution, satisfied the requirements of Due Process, and all other legal requirements.

7. The Court previously determined, and now confirms, that the Settlement Classes are sufficiently numerous that joinder of all members is impracticable, that there are questions of law or fact common to the Settlement Classes, that the claims of the Plaintiffs are typical of the claims of the Settlement Class, that the Plaintiffs will fairly and adequately represent the Settlement Classes, they have no interests in conflict with the Settlement Classes, and have retained experienced and competent counsel (Co-Lead Class Counsel), and that the requirements of Rule 23(a), Fed. R. Civ. P., are satisfied.

8. The Court previously determined, and now confirms, that the Defendants have acted or refused to act on grounds generally applicable to the Settlement Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Classes as a whole, and that the requirements of Rule 23(b)(1) and (b)(2), Fed. R. Civ. P., are satisfied.

9. Pursuant to Rule 23(c)(3), Fed. R. Civ. P., the Court finally certifies the Settlement Classes defined as:

> The Terminated Employee Class: (A) participants in the JELD-WEN ESOP (1) who terminated employment with JELD-WEN before November 19, 2010, (2) who were vested in the Plan at the time of their termination of employment, (3) for whom the Plan at the time of their termination provided that their benefits would be valued at the Annual Valuation Date following their termination and would accrue interest at

the Local Passbook Rate and (4) to whom the 2010 ESOP Amendment was applied to their benefits; and (B) Beneficiaries of any of such Participants; and

The New Expense Class: Participants in the JELD-WEN ESOP whose accounts in the ESOP were assessed the New Expenses after January 1, 2010 and their beneficiaries.

Excluded from the Settlement Classes are the following persons: (a) Defendants Ron Saxton, R. Neil Stuart, Roderick C. Wendt, (b) the member of the ESOP Administrative Committee between 2007 and 2010, (c) the members of the Board of Directors of JELD-WEN between 2007 and 2012; (d) any person who has any beneficial interest in any of the accounts of the foregoing individuals to the extent such person is entitled to benefits under the Plan through the accounts of any of the foregoing persons as opposed to amounts in their Plan accounts based on their own employment at JELD-WEN.

10. The Court further finds that the form and manner of the notice provided by Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, fully complied with CAFA, and that Defendants have fully satisfied their obligations under CAFA.

11. Upon entry of this Order, Plaintiffs and the Settlement Classes shall be deemed to have conclusively released and waived all Settled Claims against Settling Defendants and their insurers as provided in the Settlement Agreement. Upon entry of this Order, Defendants shall be deemed to have conclusively released and waived all claims set forth in Section XV.3 of the Settlement Agreement against Plaintiffs, each member of the Settlement Classes, and Co-Lead Class Counsel. Upon entry of this Order, the JELD-WEN ESOP, and its fiduciaries on behalf of the JELD-WEN ESOP, shall be deemed to have conclusively released and waived all claims set forth in Section XV.3 of the Settlement Agreement against the members of the Terminated Employee Class as provided in the Settlement Agreement. Upon entry of this Order, Plaintiffs and all members of the

Settlement Classes are barred and permanently enjoined from prosecuting any and all Settled Claims against Settling Defendants and their insurers. Upon entry of this Order, Defendants, JELD-WEN and the JELD-WEN ESOP are barred and permanently enjoined from prosecuting any and all claims against Plaintiffs, the Settlement Class and their Counsel that they have agreed to release as part of the Settlement Agreement.

12. With regard to the release described, the Settlement Classes expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect exists in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. The Settlement Classes expressly waive all rights related to the Settled Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settlement Classes acknowledge that they may have claims that are covered by the terms of this Settlement that they have not yet discovered. The Settlement Classes acknowledge that they intend to release any and all such known, unknown or unsuspected Settled Claims. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, the Settlement Classes hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all

7

similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and relinquished by the Settlement Classes.

13. The Court has considered the objections filed by three class members, Richard Cooper, David Weigant, and Judith Mahaffey and overrules those objections.

14. The Motion for Final Approval of Settlement is granted, and the Settlement Agreement is finally approved as fair, reasonable, and adequate to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

15. The Second Amended Plan of Allocation providing for the distribution of the Settlement Fund to Class Members is finally approved as being fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Settlement Administrator, the Plan Administrator of the JELD-WEN ESOP, Class Counsel, Defendants and Defendants' counsel are directed to administer this Settlement and the Settlement Funds in accordance with the Settlement's terms and provisions. The Court adopts the recommendation of Class Counsel to distribute the reserve in 2016 in accordance with ¶ 4.C.2 of the Plan.

16. The recommendations of the Settlement Administrator, Gilardi & Co. LLC ("Gilardi"), with respect to the determination of the disputes submitted by members of the Class, is approved. The recommendation by the Settlement Administrator that the 11 individuals who sought to be included in the Class, but were not identified in Defendants' records as Class Members, be determined not to be members of the Class is approved and the Court determines that those persons are not members of either Certified Class.

17.     The Court has considered the following factors, among others, to determine the amount of fees to award to Class Counsel in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services; (4) the time required; (5) the amount involved and the results obtained; (6) the experience, reputation and ability of the attorneys; and (7) awards in similar cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

18.     Here, the Court's review of each of the factors demonstrates that an award of 30% of the Settlement Amount, or $4.65 million (plus interest and earnings accrued thereon in the Settlement Fund until paid), is appropriate in these circumstances. Class Counsel secured an all-cash payment of $15.5 million, representing 45% of the losses incurred to date, as well as valuable equitable relief which includes, among other things, a prohibition of new expenses when has been in effect since 2013. As noted in Class Counsel's memorandum, the 45% recovery is substantially higher than many other ERISA class action settlements that have been approved by courts in the Ninth Circuit and around the nation.

19.     Additionally, the Court finds that this litigation was risky. The Independent Fiduciary retained by the Plan has opined that the Defendants had "strong defenses" to the claims. The Court has reviewed those defenses and concurs with the Independent Fiduciary's opinion. The contingency fee arrangement only reinforces the risk. Class Counsel has expended millions of dollars of attorney time and tens of thousands in cash outlays, none of which would have been recovered had they not prevailed.

20. Further, the Court recognizes that ERISA is a highly specialized field and that Class Counsel have substantial experience in this difficult area of the law. The Court also observes that quality of the work, namely the substantial recovery, has been excellent.

21. The Court also notes that the fee award is consistent with fee awards in numerous other class action ERISA cases. Further, the Plaintiffs agreed at the outset of the litigation that Class Counsel could seek up to 33% of any recovery and that the requested fee is below that maximum. Additionally, the Plaintiffs have submitted affidavits supporting the fee request.

22. Finally, the Court notes that the Independent Fiduciary has concluded that the fee request is reasonable in light of the "excellent results" achieved by Class Counsel. The Independent Fiduciary, retained to assess the settlement for the Plan pursuant to 68 FR 75632-01 (2003), is highly qualified to make determinations as to the reasonableness of the settlement and attorney's fees. The Court finds that the approval of the fee requested by the Independent Fiduciary supports counsel's request.

23. Cross-checking the requested fee amount with the lodestar method, Class Counsel is requesting a 2.3 multiplier of their lodestar fees. Based on representations of Class Counsel, the work performed subsequent to the fee petition related to administration and preparation of the final approval motion has decreased the multiplier to 2.25. This is within the typical range. *See Vizcaino*, 290 F.3d at 1051 n.6 (noting that multipliers ranging from one to four are common).

24. After consideration of these factors, Class Counsel's Motion for an Award of Attorney's Fees and Expenses is granted, and the Court awards Class Counsel attorney's

fees of $4.65 million (plus interest and earnings accrued thereon in the Settlement Fund until paid) and reimbursement of expenses of $59,171.80. Class Counsel shall have discretion to allocate the award of attorney's fees and/or reimbursement of expenses out of the Settlement Fund from this Settlement among other Plaintiffs' Counsel based on its good faith determination of their respective contributions to the litigation.

25. The amounts incurred by the Settlement Administrator, Gilardi & Co, in sending out the notice to the Class and administration of the Settlement to date were reasonable and Settlement Class Counsel is hereby authorized to pay Gilardi $31,252.03 out of the Settlement Fund to be paid after Final Judgment for costs related to notice. Pursuant to Section VII.5 of the Settlement Agreement whereby Defendants agreed to pay other costs of administration of the Settlement, Defendants are directed to pay Gilardi the remaining amounts for administration of the Settlement to be paid after Final Judgment.

26. Plaintiffs' Motion for Payment of Service Awards for the Class Representatives is granted, and the Court awards payment out of the Settlement Fund as service awards to each of the class representatives as follows: Ronnie Dooley, $7,500; Thomas Kitt, $7,500; Robert W. Jimerson, $12,500; Philip Belotti, $7,500; Bradley S. Snodgrass, $5,000; Steven J. Wolf, $5,000; Christopher W. Woerner, $2,500; and Mildred Powell, $2,500.

27. The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without affecting the finality of this Order and Final Judgment, in any way, this Court expressly retains continuing jurisdiction as to all matters relating to the administration,

consummation, enforcement, and interpretation of the Settlement Agreement and of this Order and the accompanying Final Judgment.

28. This consolidated Action, including all individual and Class claims resolved in it, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Class members, without fees or costs to any Party except as otherwise provided in this Order and Final Judgment.

29. There is no reason for delay and the Clerk is directed to enter this Order and Final Judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: __10/19__, 2015

_____
Honorable Michael J. McShane
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF OREGON